IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and ARTHUR H. BUNTE, JR., as Trustee,<br><br>   Plaintiffs,<br><br>   v.<br><br>MID-WEST ILLINOIS CONCRETE CONTRUCTION, INC.,<br><br>   Defendants. | Case No. 14 C 9939<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Mid-West Illinois' ("Mid-West") Motion to Transfer Venue from this district to the Central District of Illinois [ECF No. 10]. For the reasons stated herein, Mid-West's Motion is denied.

### I.  BACKGROUND

This ERISA case arises from Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr.'s (collectively, "the Fund") efforts to recover withdrawal liability payments from Mid-West. According to the Fund, AEH Construction Inc. ("AEH") was previously bound by several collective bargaining agreements to make contributions to the Fund. Those obligations permanently ceased around August 28, 2011, effecting a complete withdrawal. Although the Fund

notified AEH of its withdrawal liability, AEH failed to make payments or timely initiate arbitration. On January 16, 2013, the Fund filed suit against AEH and ultimately obtained a judgment for $40,531.42 in withdrawal liability principal, interest, and liquidated damages.

The Fund now seeks to recover $31,866.43 in withdrawal liability from Mid-West under a theory of successor liability. In support of its successor liability theory, the Fund alleges that Mid-West performs the same work as AEH, employs former AEH employees, and came into being just as AEH ceased operations. Mid-West's President, Thomas Hensley, previously served as President of AEH.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate if "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Midas Int'l Corp. v. Chesley,* No. 11 C 8933, 2012 WL 1357708, at *2 (N.D. Ill. Apr. 19, 2012) (citation and internal quotations omitted). In evaluating the second and third factors, the Court considers "both the private interests of the parties and the

public interests of the court." *Medi USA v. Jobst Inst., Inc.*, 791 F.Supp. 208, 210 (N.D. Ill. 1992). District courts have broad discretion in weighing these factors, and the party seeking transfer has the burden of establishing, by reference to particular circumstances, "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219 (7th Cir. 1986).

### III. <u>ANALYSIS</u>

As to the first factor, the parties do not dispute that venue is proper in both the Northern and the Central Districts of Illinois. Under ERISA's venue provisions, venue is proper "where the plan is administered, where the breach took place, or where a defendant resides." 29 U.S.C. § 1132(e)(2); *see also, id.* § 1451(d). Here, venue is proper in the Northern District of Illinois because the Fund is administered out of Rosemont, Illinois, located in the Northern District. Venue is also proper in the Central District of Illinois because Mid-West resides in Galesburg, Illinois, located in the Central District. (For this reason, the Court rejects Mid-West's alternative argument that the case should be dismissed pursuant to 28 U.S.C. § 1406(a).)

The Court now turns to the convenience of the parties and witnesses. As an initial matter, the Fund argues that Mid-West has waived its right to challenge the convenience of this forum

because Mid-West — as AEH's successor — is bound by the forum-selection clause contained in a Trust Agreement between AEH and the Fund. (*See,* Ex. 1 to Pls.' Resp., ECF No. 18-1.) The Trust Agreement provides that all unions and employers consent to venue "in the United States District Court for the Northern District of Illinois, Eastern Division." (*Id.* at 28.) Although no judicial determination has been made as to whether Mid-West is AEH's successor, the Fund argues that Mid-West is nevertheless bound by the Trust Agreement as a party that is "closely related" to the dispute. However, the issue of whether Mid-West and AEH are "closely related" is the crux of the Fund's successor liability theory. The Court cannot conclude, at this early stage of the litigation, and in the absence of any discovery, that Mid-West is so closely related to AEH that it is bound by the Trust Agreement. The Court therefore finds that Mid-West has not waived its right to object to the convenience of this forum.

In assessing the convenience of the parties and witnesses, courts examine the following private interest factors: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Hanley v. Omarc, Inc.,* 6 F.Supp.2d 770, 774 (N.D. Ill. 1998). Here, no

single factor tips the scale strongly in favor of transfer. Although Mid-West recites the relevant factors, "it never goes beyond vague generalizations" in showing why the Central District of Illinois is more convenient. *See, Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). As to the situs of material events, Mid-West states that "[t]he subject matter of the Complaint allegedly occurred in the Central District of Illinois," (Def.'s Mem., ECF No. 17, at 6), but provides no specifics in support of its argument. For instance, Mid-West does not contend that the collective bargaining agreements were negotiated or executed in the Central District, or that the alleged breach occurred there.

Mid-West's arguments regarding the convenience of witnesses and access to sources of proof fare no better. (*See, id.* at 6–7 ("All of the potential witnesses on behalf of the Defendant reside in or around Galesburg, Illinois. . . . All sources of proof on behalf of the Defendant are located in or around Galesburg, Illinois.").) To establish that the Central District of Illinois is a more convenient forum, Mid-West is "obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." *Heller,* 883 F.2d at 1294; *see, e.g., Sayles v. DirectSat USA, LLC,* No. 10 C 2879, 2011 WL 382875, at *4 (N.D. Ill. Feb. 3, 2011) (finding that defendant in distant forum

failed to establish convenience where there was no indication "that voluminous records would need to be transferred" or that "any significant witnesses will be required to travel.") Moreover, it is unclear from Mid-West's vague statements whether it intends to call employee or non-party witnesses. Because it is assumed that a party will be able to compel its own employee witnesses to appear, the Court's analysis focuses on the convenience of non-party witnesses. *Kammin v. Smartpros, Ltd.*, No. 07 C 2665, 2007 WL 3046128, at *2 (N.D. Ill. Oct. 9, 2007). Mid-West fails show why the Central District provides a more convenient forum for witnesses, or improved access to relevant sources of proof, with any degree of specificity.

Mid-West contends that litigating in this forum would be inconvenient because it is a small company with only six to nine employees located approximately 200 miles away from Chicago. Although the Court is mindful of the potential burden of litigating in a distant forum, in this case, transfer would merely transform inconvenience for Mid-West into inconvenience for the Fund. In such instances, transfer is not appropriate. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 979 (7th Cir. 2010).

Finally, Mid-West argues that this Court should not afford the Fund's choice of forum any deference because the Fund lacks a substantial connection to this district, apart from its

administration here. "In an ERISA enforcement action brought by a pension plan, the court must give substantial deference to the plaintiff's choice of venue unless it is clearly outweighed by other factors." *Cent. States v. Lewis & Michael, Inc.*, 992 F.Supp. 1046, 1048 (N.D. Ill. 1998). Because Mid-West has not carried its burden in showing that the Fund's choice is clearly outweighed by other factors, the Court concludes that the Fund's choice of forum is entitled to deference. On balance, the "convenience of the parties and witnesses" does not support transfer.

The "interests of justice" element of the transfer analysis relates to the efficient administration of the court system. *Research Automation,* 626 F.3d at 978. In assessing whether transfer serves the interests of justice, the Court considers public interest factors including: "(1) how quickly the case will proceed to trial; (2) the court's familiarity with the applicable law; and (3) the relationship of the parties to and the desirability of resolving the controversy in a particular community." *Cent. States, Se. & Sw. Areas Pension Fund v. Mills Investments, LLC,* No. 11 C 3297, 2011 WL 4901322, at *2 (N.D. Ill. Oct. 14, 2011). Although Mid-West refers to the "interests of justice," it does not address any of these factors in its memorandum. As a result, the Court has no basis to conclude

that transfer to the Central District of Illinois would serve the interests of justice.

## IV. CONCLUSION

For the reasons stated herein, because Mid-West has not carried its burden in showing that transfer serves the convenience of the parties and witnesses or the interests of justice, its Motion to Transfer [ECF No. 10] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 5/14/2015